IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:07-CR-182-MHT |
| | ) | |
| THOMAS EARL DOUGLAS | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on September 5, 2007. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The indictment establishes probable cause to believe that the defendant has committed an offense which is a crime of violence as prescribed in 18 U.S.C. §§ 2422 and 2252A(a)(1). The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. During the hearing, the defendant argued that the evidence against him was weak because the government could not establish that he was the person who engaged in the activities described in Counts 1 and 2 of the indictment. The argument lacks merit because the indictment establishes probable cause and under the provisions of 18 U.S.C. § 3142(e) a rebuttable presumption of detention arises. Thus, the question for the court is whether the defendant has rebutted the presumption by showing that there are conditions of release which will protect the community and other persons. Here, the defendant used an email account to carry out the criminal acts. Access to such accounts can be gained through any computer connected to

the Internet. There is no condition which the court can impose which will assure that the defendant cannot gain access to the Internet through some device. In addition, there is no condition which the court can impose which will assure that the defendant will have no contact with children of people who may be of a mind to expose their children to individuals like the defendant. Thus, even though the weight of the evidence against the defendant at this point may not have the concreteness of a fully developed case, the indictment is sufficient to shift the burden to the defendant to rebut the presumption of detention, and he has failed to meet that burden.

    Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

    Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or

on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 5th day of September, 2007.

          /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

.