IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. NO.: 1:07cr182-MHT |
| | ) | |
| THOMAS EARL DOUGLAS | ) | |

## MOTION TO DISMISS INDICTMENT

**COMES NOW** the Defendant, Thomas Douglas, by and through undersigned counsel, Jennifer A. Hart, and moves this Honorable Court to dismiss the Indictment pending against him as this Government cannot show that the case is the appropriate venue.

**Procedural History**

On August 3, 2007, a Criminal Complaint was filed in the United States District Court for the Middle District of Alabama in which it was alleged that Thomas Earl Douglas (addressed not listed) had, on that same date, in Geneva County, Alabama, knowingly enticed a person to travel in interstate commerce for the purpose of engaging in illegal sexual activity. (Doc. # 1) This Court issued an arrest warrant and, three days later, Mr. Douglas was arrested in Houston, Texas. (Doc. # 3)

Also on August 3, 2007, the Government made an *Application For Pen Register, Trap And Trace, And Enhanced Caller Identification Device* and filed along with this Application, a Motion to Seal. In the Application, the Government sought information regarding a telephone number subscribed to by Thomas Earl Douglas and listed his address as Amory, Mississippi.

1

On August 18, 2007, Thomas Earl Douglas was charged in the United States District Court for the Middle District of Alabama with two felony offenses. Count 1 charged that Mr. Douglas attempted to persuade an individual (known to him as "Liz") to travel in interstate commerce to engage in criminal sexual activity, in violation of 18 U.S.C. § 2411(a). Specifically it is alleged that Mr. Douglas enticed Liz to bring her thirteen-year-old daughter to Dothan, Alabama so that he could have sex with her and train her to be a sex slave. This offense is alleged to have taken place between May 7, 2007 and August 3, 2007 in "Geneva County, within the Middle District of Alabama, and elsewhere." (Doc. # 4, page 1)

In Count 2, Mr. Douglas is charged with transporting in interstate commerce, an image of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Specifically, it is alleged that, during an online chat with "Liz" (who was actually an undercover police officer from Vermont), Mr. Douglas sent, via the Internet, one photograph of a minor engaged in sexually explicit conduct. This offense is alleged to have occurred "on or about May 8, 2007, in Geneva County, within the Middle District of Alabama." (Doc. # 4, page 2)

Mr. Douglas was arraigned and enter a plea of not guilty to the charge on September 5, 2007. Also on that date, this Court held an evidentiary hearing to determine whether Mr. Douglas should be detained pending trial. The Court rejected Mr. Douglas's argument that he should not be detained because the Government could not prove jurisdiction[1], and ordered Mr. Douglas remanded to the custody of the United States Marshal. (Doc. # 15)

Moments prior to the commencement of the detention hearing, the Government provided

---

[1] Mr. Douglas also argued that the evidence against him was weak because the Government could not prove that the Internet account utilized to carry out the alleged activity was utilized by the Defendant and not some unknown third party.

2

initial discovery in this case which consisted of 74 pages of documents. At the conclusion of the hearing, the Court granted the Government's request for two additional weeks to provide supplemental discovery. The following day, the Government provided approximately 23 pages of additional discovery and advised Defense Counsel that it was attempting to obtain more.

On September 19, 2007, the Government provided the Defense with 67 additional pages of discovery, a CD of the "chats" which took place between "Liz" and a person the Government alleges is Mr. Douglas, as well as a CD containing 3 recorded telephone conversation purportedly involving Mr. Douglas and another undercover officer pretending to be Liz. Also, on that date, the Government made available, at the office of the Federal Bureau of Investigation, other physical evidence within its possession including providing the Defense with a copy of Thomas Douglas's Alabama Identification Card.[2]

Thomas Earl Douglas is scheduled to go to trial on November 5, 2007.

## Facts[3]

The investigation that led to the arrest and indictment of Thomas Earl Douglas was begun in Burlington, Vermont by Detective Andrew Chaulk of the Vermont Internet Crimes Against Children (ICAC) task force. On May 7, 2007, Detective Chaulk, acting in an undercover capacity,

---

[2] Mr. Douglas believes that additional discovery will likely become available prior to trial and expects that the Government will, as it has already demonstrated, provide that discovery to the Defense when it becomes available.

[3] For clarity and ease of reading, for purposes of this Motion only, Mr. Douglas will state the facts as though he in fact was the person engaged in online chats with the undercover office known as Liz. Mr. Douglas does not, however, concede that he was a participant in these recorded conversations.

established a yahoo profile in which he posed as a thirty-eight-year-old mother of a thirteen-year-old girl and a young boy residing in Vermont.

Using the screen name Liz, the Detective initiated an online conversation with a person utilizing the screen name "ilikeyounggirls6up" in a Yahoo chat room. The online "chats" between Liz and Thomas Douglas lasted only 2 days: May 7 and 8, 2007. They began after Chaulk had viewed the profile associated with this screen name and discovered it contained a photo of a nude male body and identified the user's real name as "Thomas" - a sixty-year-old man in Alabama. The user described his occupation as that of a "sex slave trainer," and under the heading "hobbies,"the profile read: "I train young girls as sex slaves this is for real . . ."

After "Liz" began chatting with "Thomas," he asked her whether she had anyone she wanted trained. Liz responded that she wanted her teenage daughter trained. During this conversation, Thomas stated that he lived in Alabama, but he declined to tell Liz exactly where. He did state that he would be somewhere near Dothan when Liz arrived in Alabama with her daughter. Thomas then directed Liz to another chat room ("hello.com") where he claimed they can speak more privately. He indicated he used the name "travelingman460" at the hello.com website.

During the May 7, 2007 conversation, Mr. Douglas provided Liz with his telephone number: (662)315-2457. Subscriber information for that number requested and received by the Government established that the phone is registered to a Thomas Douglas who resides in Amory, Mississippi.

The Government has provided information establishing that Yahoo records reveal that the screen name "travelingman460" was registered to Thomas Douglas of Amory, Mississippi and, as of the date of the request, was still active. Investigation by the Postal Service revealed that Mr. Douglas had prior addresses in Samson, Alabama, Wing, Alabama ans Amory, Mississippi. The

Postal Inspector revealed that Mr. Douglas received mail at a post office box in Wing, Alabama but that he is a truck driver who was living at Holley King Camp Ground in De Funiak Springs, Florida. Law Enforcement investigation also revealed that Thomas Douglas had a valid Mississippi drivers license and a CDL from Mississippi.

Likewise, the Yahoo account for the screen name "ilikeyounggirls6up" was registered to Thomas Douglas of Amory, Mississippi. The account was activated in January of 2007 and deactivated on May 8, 2007; the date of the last online chat between Douglas and Liz.

Information regarding the cell phone number reveals that it was subscribed to by Thomas Douglas in April of 2007, lists a billing address of Amory, Mississippi and indicates that the account was still active.

As previously noted, Thomas Douglas is charged in Count 2 with transporting an image of child pornography on May 8, 2007 in Geneva County, Alabama. However, Thomas Douglas was in Du Funiak Springs, Florida on May 8th, not in Alabama, and the image was transported to Vermont. During the May 8th chat, Thomas Douglas sent a photograph of himself to Liz. Mr. Douglas is clothed and appears to be standing in a wooded area. After Liz comments that the area where Mr. Douglas is looks nice, Douglas describes it as being "further in fl than where I am now." He then describes the trailer he is living in, the campsite where he is staying, and the cost of staying there. He indicates that the name of the campsite is "holly king." Holly King Resort is located in De Funiak Springs, Florida.

Following the receipt of this information, Detective Chaulk indicates that he did the following:

> On May 8, 2007, I contacted the Defuniak Florida Police Department

> (850)892-8511 and spoke with Investigator Barley. Based on the information I gained from Douglas I believed he was currently staying at the Holly King Camp Ground in Defuniak Springs Florida. I advised Inv. Barley of my investigation and asked him if he could attempt to locate any information on Douglas. I also asked him if he could travel to the camp ground in a low profile fashion to see if he could gain any further information.

(Investigative Supplement, page 15)

The report further describes Detective Chaulk's disappointment with Investigator Barley and the Florida Police Department. Barley told Chaulk that, although Chaulk had requested that he keep a low profile, he had sent a marked police car to Holly King campground and that he learned no information. Chaulk states, "It is my belief that either the camp ground management advised Douglas of the police visit or he saw the marked police car. As a result he became suspicious, deleted his Yahoo profile (ilikeyounggirls6up) and severed contact with me.

(*Id*. at page 16)

Although Liz made a few attempts to contact Thomas Douglas via online chats after May 8, 2007, she was not successful in doing so. The only other contact that Liz had with Douglas were three telephone calls made to Thomas Douglas's cell phone the first week of August 2007 by a female Vermont officer pretending to be Liz inquiring as to why Douglas severed contact with her. During these conversations, Douglas revealed that he was in Texas, had recently gotten married and was living in Atlanta, Georgia. There is some discussion of Liz traveling to Georgia with her daughter to meet Douglas. There is no mention of any place in Alabama during these phone conversations.

No one traveled to Alabama to meet with Thomas Douglas ans he did not travel from Alabama to meet Liz or her daughter. The Government has provided no evidence of information

thus far which establishes that Thomas Douglas was in Geneva County in May of 2007. In fact, all of the evidence provided to date establishes that Mr. Douglas had recently left Amory, Mississippi and was residing at a camp ground in Florida at the time of the alleged offenses.

During the detention hearing in this case, FBI Special Agent Margaret Faulkner indicated that the only information she was aware of which supported the Government's theory that the offenses took place in Geneva County was a Alabama Identification Card issued in 2006. No additional information supporting this assertion has been provided.

## Discussion

Proceedings against a person charged with committing a federal offense are to be brought in the district and division in which the offense was committed. 18 U.S.C. § 3232; Fed.R.Crim.P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.") See also, *United States v. Bin Laden*, 91 F.Supp.2d 600, 612 (S.D.N.Y. 2000) ("As a general rule, all criminal prosecutions must be brought in the district in which the offense was committed."); U.S. Const. Art. III. The Government bears the burden of proving, by a preponderance of evidence, that venue exists. *United States v. Naranjo*, 14 F.3d 145, 146- 47 (2d Cir. 1994) (citing *United States v. Stephenson*, 895 f.2d 867, 874 (F.2d 1990)).

Where an offense is begun in one district and completed in another, the case may be prosecuted in any district in which the offense was begun, continued or completed. 18 U.S.C. § 3237. If the offense involved the use of the mails or transportation in interstate commerce, the case may be prosecuted "in any district from, through, or into which such commerce, mail matter, or imported object or person moves. *Id*.

Although there is some evidence that Thomas Douglas had previously lived in Alabama and received mail at a post office box there, the overwhelming bulk of the evidence produced by the Government in this case establishes that Thomas Douglas was in Florida on May 7 and May 8 of 2007. As to Count 1, admittedly, Douglas states in the May 7, 2007 chat that he is in Alabama. He does not say where. He does mention to Liz that they should meet near Dothan, Alabama; a city in Houston County, not Geneva County. In any event, the location of the alleged crime is Vermont, where the officer receives the communication, or in Florida, from where the attempt to entice originated - not Geneva County, Alabama.

The Government cannot prove, by a preponderance of the evidence that Thomas Douglas was in Alabama at any time during the dates charged in the Indictment, and, more specifically, it cannot prove that Thomas Douglas was within the Middle District of Alabama on May 7 - 8, 2007, the dates the charged conduct occurred. Furthermore, at all times during the phone correspondence between Liz and Douglas it was conclusively established that Douglas was in Texas as that is where he said he was and where he was found.

*In United States v. Bagnell*, 679 F.2d 826 (11th Cir. 1982), the Eleventh Circuit held that "the right of criminal defendants to be tried in the state and judicial district in which the alleged crime occurred is guaranteed by article III and the sixth amendment to the United States Constitution as well as Rule 18 of the Federal Rules of Criminal Procedure." *Id.* at 830. (In a case involving the transportation of obscene material, Government may bring charges in either the district of dispatch or the district of receipt.) In Count 2, Thomas Douglas is charged with transporting an image of child pornography to Vermont. All of the evidence the Government has thus far produced establishes that, at the time of this offense, Thomas Douglas was in De Funiak Springs, Florida and

the photograph was sent to a police officer in southern Vermont. Thus, venue properly lies in Florida or in Vermont, but not in Alabama.

The case agent himself believes the evidence he and his office compiled proves that Douglas was in Florida at the time of the charged offenses. In fact, the only evidence the Government possesses which even arguably suggests that Thomas Douglas was in Geneva County, Alabama is a State of Alabama Identification card issued on June 6, 2006 which lists Mr. Douglas's address as 786 Gopher Ridge Road in Samson, Alabama. Samson, Alabama is in Geneva County. This "evidence" does not satisfy the Government's burden of proof. Therefore, the Indictment against Mr. Douglas is due to be dismissed.

**WHEREFORE**, the Defendant prays that this Motion be granted, and that the Indictment pending against him be dismissed, with prejudice.

Dated this 21th day of September, 2007.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nathan Stump, Esquire
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104

                                  Respectfully submitted,

                                  s/Jennifer A. Hart
                                  **JENNIFER A. HART**
                                  FEDERAL DEFENDERS
                                  MIDDLE DISTRICT OF ALABAMA
                                  201 Monroe Street, Suite 407
                                  Montgomery, AL 36104
                                  Phone: (334) 834-2099
                                  Fax: (334) 834-0353
                                  jennifer_hart@fd.org
                                  AL Bar Code: HAR189