IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.___1:07cr182-MHT_____ |
| ) | |
| THOMAS EARL DOUGLAS ) | |
| ) | |
| ) | |

**RESPONSE OF THE UNITED STATES TO**
**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

COMES NOW the United States, by United States Attorney Leura G. Canary, and hereby responds to the motion filed by Defendant, Thomas Earl Douglas, to dismiss the indictment in this cause for want of venue. After thoroughly investigating the issue, the United States must regretfully concede that venue is not proper in the Middle District of Alabama. Accordingly, the United States cannot in good faith oppose the Defendant's motion, which is due to be granted.

Discussion

This case was initiated on a Complaint filed by the United States against the Defendant, alleging violations of 18 U.S.C. §§ 2422(a) and 2252A(a)(1). Ever since the case began, the United States has made it a priority to discover where the Defendant was located, geographically, at the time he committed the offenses alleged. The information then available to this office and the FBI indicated that the Defendant was residing near Dothan, Alabama, within the Middle District, when he attempted to entice an undercover police officer in Vermont to bring a fictitious underage female to the Dothan area for illicit sexual acts. Law enforcement records showed that the Defendant held an active Alabama identification card with an address in Samson, Alabama, which is in Geneva County, within the Middle District. Postal records showed that the Defendant was at that time receiving mail in Wing, Alabama, which is in Covington County,

1

within the Middle District. The Defendant's own internet profile also boasted that he was from Wing, Alabama, while statements made by the Defendant himself during his online chat sessions with undercover officers implied that he was located, at least part of the time, near Florala, Alabama, which is in Covington County, within the Middle District.

Efforts were made to contact the Defendant's friends and acquaintances, but those efforts proved unfruitful. The Defendant's cell phone records were subpoenaed and scrutinized, but the results were inconclusive. Upon proper application of the United States, this Court issued an Order authorizing the Defendant's Internet Service Provider, Sprint/Nextel, to disclose to FBI agents any historical cell site information for the Defendant's internet usage on the dates in question, but the United States learned just this morning that no such information exists because the Defendant was using a wireless internet card.

Part of the difficulty locating the Defendant can be attributed to his semi-nomadic existence at the time. He had four automatic mail forwards in place, beginning in Amory, Mississippi and ending in Wing, Alabama. The evidence showed that he was employed as a truck driver, a position that required him to travel extensively throughout the country. The Defendant's cell phone records place him in a multitude of states, including Arizona, Arkansas, Illinois, Kansas, Michigan, Missouri, North Carolina, and Wisconsin at various times throughout the summer. In fact, it was only through the means of high-tech precision location information from the Defendant's cell phone carrier that FBI agents were ultimately able to track him down and arrest him in August outside Houston, Texas.

While there is no concrete evidence supporting the Defendant's presence in the Middle District of Alabama during any portion of the commission of the offenses charged, there is affirmative evidence that he was elsewhere. Statements that he made during his chat sessions

with undercover officers and other evidence gathered during the investigation place him at a camp ground in DeFuniak Springs, Florida, in May 2007. At the same time, records from Sprint/Nextel show that his registered billing address for internet service was in Amory, Mississippi. Records from Cingular Wireless show that the Defendant was in Florida in May 2007, but that he was still being billed for cell phone service in Amory, Mississippi. Likewise, information provided by Yahoo.com and Hello.com confirms that the Defendant was in Amory, Mississippi when he registered his internet screen names.

As the Supreme Court has explained, a "determination of venue raises matters that touch closely the fair administration of criminal justice and public confidence in it, on which it ultimately rests." *United States v. Johnson*, 323 U.S. 273, 275 (1944). The law generally provides that the trial of any crime be held in the state where any part of the crime was committed. U.S. Const. art. III, § 2, cl. 3; *see also* U.S. Const. amend. VI; Fed. R. Crim. P. 18; 18 U.S.C. § 3237(a). To sustain a conviction, the government must prove venue by a preponderance of the evidence. *See United States v. Stickle*, 454 F.3d 1265, 1271-72 (11th Cir. 2006))

Here, although there is strong evidence in this case that the Defendant has lived in the Middle District of Alabama, and that he intended to commit *other* crimes, including a brutal, long-term sexual assault against a thirteen-year-old girl, in the Middle District of Alabama, there is a dearth of evidence showing that the Defendant was ever in the Middle District of Alabama when he began, continued, or completed either of the offenses for which he has actually been charged. Nor is there evidence to prove that in committing the crimes alleged, the Defendant utilized any electronic communication service located in the Middle District of Alabama. In the

interests of justice, therefore, the United States must confess to a lack of venue in this Court and withdraw any objection to the Defendant's motion.

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/Nathan D. Stump
        NATHAN D. STUMP
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, AL  36104-3429
        Tel: (334) 223-7280
        Fax: (334) 223-7560
        Email: nathan.stump@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.___1:07cr182-MHT_____ |
| | ) | |
| THOMAS EARL DOUGLAS | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defense Counsel Jennifer Hart, Esq.

    Respectfully submitted,

    /s/Nathan D. Stump
    NATHAN D. STUMP
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, AL  36104-3429
    Tel: (334) 223-7280
    Fax: (334) 223-7560
    Email: nathan.stump@usdoj.gov